UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: JOHN RICHARDS HOMES
BUILDING COMPANY, L.L.C.,                    BANKR.  CASE NO. 02-54689

                             Debtor.
_____/

JOHN RICHARDS HOMES
BUILDING COMPANY, L.L.C.,                    CIVIL CASE NO. 05-40242

                             Plaintiff,
v.                                                                        HONORABLE PAUL V. GADOLA
                                                                             U.S. DISTRICT COURT
KEVIN ADELL,

                             Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO APPEAL

Before this Court is Defendant's motion for leave to appeal filed July 26, 2005.  Defendant seeks to appeal the July 8, 2005 order of United States Bankruptcy Judge Steven W. Rhodes that denied Defendant's motion for disqualification.  For the reasons stated below, the Court will deny Defendant's motion for leave to appeal.

Defendant first seeks leave to appeal the order because he believes that Judge Rhodes is biased against him.  He argues that, based on an objective standard pursuant to 28 U.S.C. § 455(a), the Judge's impartiality might be questioned.  This Court is unable to conclude, after examining the record, that a bias exists.

Defendant next seeks leave to appeal the order pursuant to 28 U.S.C. § 158(a)(3). Defendant relies on *Cohen* v. *Beneficial Indus. Loan Corp.,* 337 U.S. 541 (1949) for the proposition that an order which determines important rights of the parties may be appealed even though it does not end

the case. However, "[t]he decision whether to grant the defendants' leave to appeal under § 158(a) is left to the discretion of court." *In re Southern Industrial Banking,* 70 B.R. 196, 200 (E.D. Tenn. 1986). The standard the court applies is similar to certification of an interlocutory appeal to the court of appeals under 28 U.S.C. 1292(b), "that is, whether the issue involves a controlling issue of law, whether there is substantial ground for difference of opinion on that issue of law, and whether an immediate appeal from the order will materially advance the ultimate termination of litigation." *In re: Rcn Anlagenivestitionen Frodsgesellschaft II- Kommanditgesellschaft* 118 B.R. 460, 463 (W.D. Mich. 1990). Because this Court determines that neither of these three situations exist, and because the decision to grant or deny Defendant's motion is within this Court's discretion, the Court will deny Defendant's motion.

Finally, Defendant asks the Court to find that the July 8, 2005 order denying Defendant's motion for disqualification is final, thus allowing him to appeal under 28 U.S.C. 158(a). Defendant cites *In re Saco Local Dev. Corp.,* 771 F2d 441, 444 (1st Cir. 1983) for the proposition that the finality requirement is less stringent in bankruptcy cases than in other cases. Although, this indeed may be true, however, Judge Rhodes's order does not meet this less stringent standard. Still, "a final judgment or order generally ends the litigation on its merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233 (1945). The July 8, 2005 order at issue did not end the litigation on its merits nor did it leave nothing for the Court to do but execute the judgment. Therefore, this Court finds that the July 8, 2005 order is not final.

**ACCORDINGLY IT IS HEREBY ORDERED** that Defendant's motion for leave to appeal [docket entry 2] is **DENIED.**

**SO ORDERED.**

Dated:   February 28, 2006              s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  February 28, 2006 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                , and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:    Asher Rabinowitz; Norman C. Ankers         .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845